MARRERO ET AL., APPELLANTS, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Assigning a Curable Defect in a Deed of Purchase and Sale.

No. 595.—Decided June 18, 1924.

SEPARATE PROPERTY—COMMUNITY PROPERTY—PRESUMPTION.—The presumption, if any, that money in the hands of a married man or woman is the proceeds of a sale of property made more than seven years before the date in question, even though supplemented by an unsworn statement of the interested party, is not enough to overcome the statutory presumption as to the community character of the property in the possession of either of the spouses.

The facts are stated in the opinion.

*Mr. E. Marín Marién* for the appellants.

The respondent did no appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

By a deed executed in January, 1917, by Jesús Figueroa, a bachelor, as attorney in fact of María Miranda y Morales, Marcelina, Salvador and María Celestina Marrero y Miranda, these vendors were represented to be the owners, together with other heirs not parties to the instrument, of certain rights and interests in a parcel of real estate, "by virtue of the community character, if any, of such interest (*por concepto de gananciales, caso que los hubiere*), and by paternal inheritance."

The land described in this deed is again referred to as having been acquired by the vendors as community property (*por concepto de gananciales*) as aforesaid, by paternal inheritance from José Marrero y García, the husband and father of the said principals, and by inheritance from

Rosa María Marrero, daughter of María Miranda Morales, who died without issue.

Thereupon:

"Jesús Figueroa Pagán, as attorney in fact of María Miranda Morales and of Salvador, Marcelina and María Celestina Marrero Miranda, brothers and sisters respectively, sells to Miguel Torres Gómez all the rights and interests of a community character and paternal inheritance that his principals possess in the property described in this deed, as well as the rights and interests pertaining to María Miranda Morales by inheritance from her daughter Rosa María Marrero Miranda, which sale is made for a consideration of one thousand dollars, which Figueroa acknowledges he received from the purchaser before the execution of this deed for payment to his principal of the proportionate amounts to which they are entitled."

In May, 1924, Torres Gómez reconveys to Marcelina, Salvador and Catalina Marrero y Miranda, for the consideration of $500, acknowledged to have been already received from the vendees, the right, title and interest acquired by him in 1917.

In this instrument Figueroa appears as the husband of Marcelina Marrero y Miranda and as the verbally authorized agent of all the vendees for the purpose of accepting the deed, which also contains the following paragraph:

"Second.—Figueroa now states, having been so informed by the vendees, whose verbally appointed agent he is, that the money paid by them to Torres proceeds from the sale itself of the rights and interests they had in the same property described, as heirs of their lawful father, José Marrero García, all of which is shown in the registry of property, the object of this statement by Figueroa Pagán being to obtain an entry of record in the registry showing that the estate is the private property of the purchasers."

In recording this document the registrar noted as a curable defect that the same did not sufficiently show that the purchase price was the separate property of the purchasers.

For the purposes of this opinion it may be conceded

without holding that the deed of 1917 conclusively shows that the right, title and interest conveyed thereby had been acquired as an inheritance by those of the vendors therein who now appear as purchasers, and that the statement by Figueroa, regarded as an admission against interest, is enough to identify the part of the purchase price paid by his wife as her portion of the proceeds of the sale in 1917.

But it also appears that Salvador and Celestina are now married, and neither of their spouses participated in the later deed.  As to them, therefore, the only evidence of a corresponding identity is their own self-serving statements, coming not directly from them, but as the hearsay testimony of Figueroa, whose authority, if any, to speak for them is also verbal and asserted by him alone.

The presumption, if any, that money in the hands of a married man or woman is the proceeds of a sale of property made more than seven years before the date in question, even though supplemented by an unsworn statement of the interested party, is not enough to overcome the statutory presumption as to the community character of property in the possession of either of the spouses.

Inasmuch as the brief for appellants draws no distinction between the standing of any one of them and that of the others and no modification of the ruling appealed from is suggested by counsel, the same must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.